# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARKCO PENN,<br>Petitioner, | Civil Action No. 1:08-cv-290 |
| vs. | Beckwith, J.<br>Hogan, M.J. |
| ROBIN KNAB, WARDEN,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This case is now before the Court on the petition (Doc. 1), petitioner's motions for leave to file a supplement to the petition (Doc. 3) and "for scribler's (sic) error" (Doc. 4), respondent State of Ohio's motion to dismiss (Doc. 11) and petitioner's response thereto (Doc. 12), and respondent Warden Knab's motion to dismiss (Doc. 13), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

In December 2006, petitioner was indicted on one count of trafficking in cocaine, a felony of the fourth degree; one count of trafficking in cocaine, a felony of the second degree; and one count of possession of cocaine, a felony of the third degree. (Doc. 13, Exh. 1, Case No. B0611544).

In June 2007, petitioner was indicted on one count of possession of cocaine, a felony of the fourth degree. (Doc. 13, Exh. 2, Case No. B0705040).

Petitioner, through counsel, filed several motions for continuances in both cases. (Doc. 13, Exhs. 3-9). Thereafter, counsel moved to withdraw, citing irreconcilable differences. (Doc. 13, Exh. 10). The trial court granted the motion to withdraw. (Doc. 13, Exh. 11). Petitioner filed a pro se motion to dismiss both cases on the ground that he had been deprived of his right to a speedy

trial. (Doc. 13, Exh. 12). The trial court overruled the motion to dismiss. (Doc. 13, Exh. 13). The trial court consolidated both cases at the request of the prosecution. (Doc. 13, Exh. 14).

On April 29, 2008, petitioner, with new counsel, entered guilty pleas to all of the charges in the indictments. (Doc. 13, Exhs. 15-18). On May 6, 2008, petitioner was sentenced to agreed terms of eighteen months for trafficking in cocaine, four years for trafficking in cocaine, four years for possession of cocaine, and eighteen months for possession of cocaine, to be served concurrently, for a total term of four years imprisonment. (Doc. 13, Exhs. 19, 20).

On July 7, 2008, petitioner filed a pro se notice of appeal and motion for delayed appeal in the First District Court of Appeals, Hamilton County, Ohio. (Doc. 13, Exhs. 21, 22). The State filed a response in opposition. (Doc. 13, Exh. 23). On July 23, 2008, the Court of Appeals overruled petitioner's motion, finding he failed to provide sufficient reasons for his inability to perfect a timely appeal. (Doc. 13, Exh. 24).

Petitioner did not pursue an appeal to the Ohio Supreme Court.

Meanwhile, petitioner filed the instant habeas corpus petition in this federal court on April 25, 2008, four days before he entered his guilty plea. (Doc. 1). The petition alleges that petitioner was denied the right to a speedy trial and that he received ineffective assistance of counsel when counsel, without petitioner's consent, signed continuances that waived petitioner's speedy trial rights.

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C.

§ 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light

3

of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

### III. THE PETITION SHOULD BE DENIED.

Petitioner contends he was denied the right to a speedy trial and to the effective assistance of trial counsel in the proceedings which occurred prior to the entry of his guilty plea on April 29, 2008.

As an initial matter, the Court notes that petitioner has not exhausted these claims since he may still file a motion for delayed appeal in the Supreme Court of Ohio. *See* Ohio S. Ct. Prac. R. II, §2(A)(4)(a). Generally, the failure to exhaust state court remedies requires dismissal of the entire petition. *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). However, because the exhaustion requirement is not jurisdictional, an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). *See also Granberry v. Greer*, 481 U.S. 129 (1987). The failure to exhaust state remedies is not an absolute bar to adjudication on the merits where, as here, the federal claims lack merit, and requiring additional proceedings in state court would waste time and judicial resources. *Lyons*, 188 F.3d at 333; *see also Colbert v. Tambi*, 513 F. Supp.2d 927, 938 (S.D. Ohio 2007). In this case, the Court shall excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of petitioner's unexhausted claims.

Petitioner's guilty plea forecloses the speedy trial and ineffective assistance of counsel claims alleged in his habeas petition. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488

4

U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991); *Austin v. Perini*, 434 F.2d 752 (6th Cir. 1970). As the Supreme Court observed in *Tollett*:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

397 U.S. at 267. *See also McMann v. Richardson*, 397 U.S. 759, 768-69, 771 (1970). "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea thus waives the constitutional rights inherent in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004). *See also Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969). Although a defendant who pleads guilty may attack the validity of his guilty plea by showing that under the circumstances his guilty plea was not intelligently or voluntarily entered, *Tollett*, 411 U.S. at 267, petitioner has made no such claim in this case.

Petitioner acknowledges he "is not challenging his guilty plea in his petition." (Doc. 12 at 2). He states that "[h]is intention is to bring to the attention of this court his unconstitutional detention." *Id.* Petitioner specifically challenges his "327 days" of confinement in the Hamilton County Justice Center "prior to that plea and for which that detention violated his Ohio statutory right to a speedy trial pursuant to O.R.C. 2945.71 and 2945.73." *Id.* Because petitioner fails to contend his guilty plea was not entered knowingly, voluntarily and intelligently, with sufficient

5

awareness of the relevant circumstances and likely consequences, *see, e.g., Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994), he is unable to challenge any alleged violation of his right to a speedy trial or the ineffective assistance of counsel related thereto. Upon pleading guilty, petitioner no longer had a right to a speedy trial and waived his right to assert an ineffective assistance of counsel claim in this habeas corpus proceeding. Accordingly, petitioner's speedy trial claim and ineffective assistance of counsel claim are foreclosed by his guilty plea.

In any event, to the extent petitioner challenges his right to a speedy trial under Ohio law, he is not entitled to federal habeas corpus relief on this basis. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Petitioner's claim, which stems from an alleged violation of Ohio's speedy trial laws, is not cognizable in this federal court.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. Petitioner's motions for leave to file a supplement to the petition (Doc. 3) and "for scribler's (sic) error" (Doc. 4) be **DENIED** as moot.

3. Respondent State of Ohio's motion to dismiss (Doc. 11) and respondent Warden Knab's motion to dismiss (Doc. 13) be **GRANTED**.

4. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/4/09

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARKCO PENN,
    Petitioner,

vs.

ROBIN KNAB, WARDEN,
    Respondent.

Civil Action No. 1:08-cv-290

Beckwith, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within fifteen (15) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).